FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

DEC 31 2008

MATTHEW J. DYKMAN
CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DARYL DONALD BEGAYE,

Plaintiff,

vs.                                                          CIVIL NO.   08-653 MCA/LFG

FARMINGTON POLICE
DEPARTMENT et al.,

Defendants.

## MEMORANDUM OPINION AND ORDER
## GRANTING LEAVE TO PROCEED WITHOUT PAYMENT
## OF COSTS AND FEES, AND DISMISSING ACTION

Daryl Donald Begaye ("Begaye"), who styles himself as a "Political Prisoner for Profits" (*see* last page of Complaint), brings a 42 U.S.C. § 1983 lawsuit against various defendants.  Begaye neither paid the requisite $350 civil filing fee nor did he file a separate motion seeking *in forma pauperis* status as required by 28 U.S.C. § 1915.  However, Begaye represents that he is incarcerated (*see* Complaint, § I, ¶ 1).  The Court will liberally construe the averments in the Complaint as Begaye's request for *in forma pauperis* status.  Thus, rather than delaying a *sua sponte* analysis of the Complaint while awaiting his affidavit of indigency, the Court will simply conclude that, as an incarcerated plaintiff who was represented by the State Public Defender, Begaye will meet eligibility requirements for *in forma pauperis* status.  Accordingly, the Court authorizes filing of the Complaint without the payment of costs.

### Authority for *Sua Sponte* Analysis

While Congress removed the barriers to court process for indigents by enacting the *in forma*

*pauperis* statute, it also recognized that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." Neitzke v. Williams, 490 U.S. 319, 324 (1989); Denton v. Hernandez, 504 U.S. 25, 31, (1992).

In response to this congressional concern, federal courts were specifically authorized to review and, where appropriate, to dismiss an *in forma pauperis* complaint "if the court determines . . . the action . . . is frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i). Accordingly, the court may conduct a *sua sponte* review of a complaint pursuant to this section and may dismiss the complaint if it is patently obvious that the plaintiff cannot prevail on the facts alleged. Hall v. Bellmon, 935 F.2d 1106, 1108-1109 (10th Cir. 1991).

In addition, the Court is authorized to review "as soon as practicable" any complaint in which a prisoner seeks redress from a governmental entity, officer or employee and to dismiss the complaint, or any portion thereof, if it is frivolous, malicious or fails to state a claim upon which relief may be granted. 28 U.S.C. 1915A. This is true whether or not the prisoner is proceeding *in forma pauperis*.

In reviewing a *pro se* complaint, the court is to apply the same legal standards applicable to pleadings drafted by counsel, but remains mindful that a *pro se* complaint must be liberally construed. Northington v. Jackson, 973 F.2d 1518, 1520-1521 (10th Cir. 1992). It is with these standards in mind that the Court reviews Begaye's civil rights complaint.

### Section 1983 "Persons"

The civil rights statute, 42 U.S.C. § 1983, authorizes liability against "[e]very person" who, acting under color of state law, violates another's federally protected rights. The term "person" in 1983 litigation has been interpreted to encompass state and municipal officials sued in individual

capacities, as well as private individuals and entities that act under color of state law. However, the term "person" does not include states or state agencies, or state officials acting in official capacity. Will v. Michigan Dep't of State Police, 491 U.S. 58 (1989).

Begaye seeks to impose § 1983 liability on the Eleventh Judicial District Court, a state entity; on the State of New Mexico Public Defender Department; and the New Mexico Department of Corrections. None of these entities is considered a "person" for § 1983 purposes, as the holding in Will applies to state agencies as well as the state itself. *See* Howlett v. Rose, 496 U.S. 356, 365 (1990) (Will applies to state and "arms of state"). Will establishes that states and arms of state, which traditionally enjoy Eleventh Amendment immunity, are simply not subject to suit under § 1983 in either a federal or state court. Howlett v. Rose, *supra*, at 365. Thus, the claims against these three Defendants must be dismissed.

In addition, to the extent Begaye asserts that any judge or judicial officer is liable, either as a John Doe defendant or as represented by the Eleventh Judicial District Court are liable, those claims are absolutely barred pursuant to the doctrine of judicial immunity. Stump v. Sparkman, 435 U.S. 349, 355 (1978).

Accordingly, Begaye's claims against the Eleventh Judicial District Court, the State of New Mexico Public Defender Department, and the New Mexico Department of Corrections are all dismissed with prejudice.

## San Juan County District Attorney

A District Attorney is a state official assigned to a particular judicial district or, in the case of the District Attorney assigned to San Juan County, to a particular division within a judicial district. N.M Const. Art. VI, 24; NMSA (1978) § 36-1-8.2.

To the extent Begaye attempts to allege claims against the San Juan District Attorney in his

3

official capacity, those claims must be dismissed, as such a defendant is not a "person" for purposes of Section 1983. Will v. Michigan State Dep't of Police, *supra*, at 71.

The District Attorney may be considered a "person" under § 1983 if Begaye intended to assert claims against him in his individual capacity. However, District Attorneys are entitled to absolute immunity for their prosecutorial decisions and actions taken within the purview of their prosecutorial responsibilities. Imbler v. Pachtman, 424 U.S. 409, 419 n.13 (1976); Mink v. Suthers, 482 F.3d 1244, 1258 (10th Cir. 2007), *cert. denied*, 128 S. Ct. 1122 (2008).

Begaye alleges that the District Attorney:

> has agreed to deny incarcerated People the Right to know the cause
> and nature of the charges against them or to provide Due Process of
> Law unless directed through the office of the State Public Defender,
> in violation of the 5th, 6yh and 7th Amendments while relying on the
> illegal arrests, searches, and seizures by the Farmington Police Dept.
> and the San Juan County Sheriff to create a revenue stream and profit
> in commerce in violation of 18 U.S.C. 1961 et seq.

[Complaint, Doc. 1, at 6].

Aside from the fact that this allegation fails to allege any particular conduct by the District Attorney directed at Begaye, the vague description encompasses actions taken by the District Attorney "in his role as an advocate for the State." Mink v. Suthers, *supra*, at 1259, *quoting* Imbler v. Pachtman, *supra*, at 431 n.33. Thus, prosecutorial immunity is applicable to Begaye's claims against the District Attorney, and all claims against the San Juan County District Attorney will be dismissed with prejudice.

### Farmington Police Department

Begaye seeks to impose § 1983 liability on the Farmington Police Department. However, the Farmington Police Department is not a suable entity. It is an administrative department of the City of Farmington, a municipal corporation. Administrative departments of municipal corporations

4

lack legal identities apart from the municipality and may not be sued directly. Numerous courts have concluded that a municipal police department is not a separate, suable entity apart from the city, but is merely the vehicle through which the city fulfills its security functions. *See, e.g.,* Martinez v. Winner, 771 F.2d 424, 444 (10th Cir. 1985) ("The 'City of Denver Police Department' is not a separate suable entity, and the complaint will be dismissed at to it"), *vacated on other grounds*, 800 F.2d 230 (10th Cir. 1986); Dean v. Barber, 951 F.2d 1210, 1214 (11th Cir. 1992); Stump v. Gates, 777 F. Supp. 808 (D. Colo. 1991), *aff'd* 986 F.2d 1429 (10th Cir. 1993).

The Tenth Circuit held, in an unpublished opinion, that the Albuquerque Police Department is not a "suable entity under § 1983" because it lacks a legal identity apart from the municipality. Ketchum v. Albuquerque Police Dep't., No. 91-2200, 1992 WL 51481, at *2 (10th Cir. Mar. 12, 1992). Ketchum is consistent with decisions issued by New Mexico District Courts which have concluded that the Albuquerque Police Department is not a suable entity. *See* Maxwell v. Albuquerque Police Dep't, CIV 02-0568 LH/LFG, slip op. (D.N.M. Dec. 30, 2002); Diaz et al. v. Second Judicial District Court et al., CIV 00-700 JC/DJS, slip op. (D.N.M. Aug. 1, 2001); and Montoya v. City of Albuquerque et al., CIV 96-341 JC/DJS. slip op. (D.N.M. Mar. 28, 1997).

Because the Court concludes the Farmington Police Department is not a suable entity, Begaye's claims against it are dismissed with prejudice.

### San Juan County Detention Center

To the extent Begaye asserts claims against the San Juan County Detention Center, those claims are dismissed with prejudice for the same reason that the claims against the Farmington Police Department are dismissed. That is, the San Juan County Detention Center is not a suable entity. Aston v. Cunningham, 216 F.3d 1086, 2000 WL 796086, at *4, n.3 (10th Cir. June 21, 2000) ("a detention facility is not a person or legally created entity capable of being sued").

### San Juan County Board of Commissioners

Unlike many other of Begaye's target defendants, the Board of Commissioners is amenable to lawsuit under 42 U.S.C. § 1983. The framework for local government liability under § 1983 was determined by the United States Supreme Court in Monell v. Dept. of Social Services, 436 U.S. 658 (1978), Owen v. City of Independence, 445 U.S. 662 (1980), and City of Newport v. Fact Concerts, 453 U.S. 247 (1981).

These cases stand for the proposition that § 1983 liability may be imposed against governmental entities, but not on the basis of *respondeat superior*. Will v. Michigan Dep't of State Police, *supra*. Rather, when a municipal or local government custom or policy results in the deprivation of constitutional rights, the governmental entity may be sued directly for the violation of constitutional rights as a result of enforcement of a government custom or policy.

A review of Begaye's Complaint indicates that the majority of his claims are directed against individuals, such as the Sheriff, District Attorney, a district judge and a public defender. Begaye claims that these individuals had a "special responsibility to protect the integrity of the courts and the rights of the people." (Complaint, § III, ¶ 4). Even if this were the case, the Board of Commissioners would not be liable for an alleged violation by any of these individuals simply because the Board employed them. Will v. Michigan, *supra*. However, municipal or government liability could be applied if an official custom or policy of the governmental entity resulted in the violation of a party's federally protected or constitutional rights.

In this case, Begaye fails to identify a municipal custom or policy. Moreover, he fails to identify what constitutional right has been denied. At most, he states that the Board of Commissioners had a "judiciary duty" to protect the health, safety and constitutional rights of all people incarcerated in San Juan County, and to control and supervise all County detention facilities,

including the San Juan County Detention Center. While the Court does not disagree with the general averment of the Board's duties, Begaye simply fails to identify any official municipal custom or policy which resulted in any type of constitutional deprivation.

Begaye does make an allegation that all of the Defendants conspired together to:

> create an over-crowded, unsanitary, draconian, dangerous and debilitating prison environment where People have no access to the courts, with the agreed upon goal of forcing People to accept Plea Bargains, Sentences, and unlawful procedures by the callous and deliberate deprivations of Citizens 1st, 4th, 5th, 6th, 7th, 8th and 14th Amendment Rights, torture and sub-human living conditions, . . . [and that he] has been unlawfully incarcerated as a result of unlawful sentencing procedures resulting in sub-standard and equally illegal living conditions subjected to above named Plaintiff currently warehoused at New Mexico Dept. of Corrections for Profit.

[Complaint, Doc. 1, at 1, 7].   Begaye alleges that he is currently incarcerated, and thus the allegation of substandard living conditions, unlike the other allegations of the Complaint, could conceivably be construed very liberally as a claim of harm to Begaye himself. However, the Court finds that the allegation is insufficiently specific to state a legally cognizable claim. As was true in Ruark v. Solano, 928 F.2d 947, 949 (10th Cir. 1991), *overruled on other grounds*, Lewis v. Casey, 518 U.S. 343 (1996):

> [P]laintiff alleges no facts regarding the locus or general living conditions of his confinement that could amount to a due process violation. . . . Prison conditions violate the eighth amendment if they result in the "unnecessary and wanton infliction of pain," are "grossly disproportionate to the severity of the crime warranting imprisonment," or result in an "unquestioned and serious deprivation of basic human needs." Rhodes v. Chapman, 452 U.S. 337, 346-47, 101 S. Ct. 2392, 2399, 69 L.Ed.2d 59 (1981). However, "[t]o the extent that [prison] conditions are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offense against society." Id. at 347, 101 S. Ct. at 2399.

Although Begaye refers to the San Juan County Detention Center as one of the co-

conspirators [Id., at 7], he does not allege that he currently is, or ever was, incarcerated at that facility. His current address is listed in Springer, New Mexico which, the Court judicially notices, is not in San Juan County. Furthermore, Begaye gives no specifics of events or incidents in which he was directly involved nor any factual background supporting his vaguely-implied claim that "People" are subjected to "torture," overcrowding, or unsanitary conditions.

This is not to say that Begaye could not articulate with some specificity a claim that would withstand 12(b)(6) scrutiny under Monell. However, at this juncture, he fails to do so. Accordingly, the Court determines that the appropriate course of conduct is to dismiss his claims against the Board of Commissioners without prejudice and authorize Begaye to file a new lawsuit within the applicable statute of limitations if he has articulable facts that support a Monell type of claim against the Board of Commissioners. Accordingly, Begaye's claims against the San Juan County Board of Commissioners are dismissed without prejudice.

### San Juan County Sheriff

Begaye also names the San Juan County Sheriff as a defendant. In his Complaint, Begaye describes the Sheriff as the "chief executive officer of San Juan County, acting under cover of State law even when his actions or those of his employees violate" the state and federal constitutions and laws. His allegations against the Sheriff are that although he "swore an oath to protect and defend the Constitutionally guaranteed Rights of the People including every person incarcerated within San Juan County," nevertheless he "has agreed to imprison unlawfully arrested People without Warrant of Comittment or Mitimus in violation of the Due Process Clause of the 6th and 7th Amendments." [Doc. 1].

To the extent Begaye intends to sue the Sheriff in his personal capacity, he must allege an "affirmative link" between the constitutional deprivation and the Sheriff's personal participation, his

exercise of control or direction, or his failure to supervise. Meade v. Grubbs, 841 F.2d 1512, 1527 (10th Cir. 1988); Mitchell v. Maynard, 80 F.3d 1433, 1441 (10th Cir.1996). A claim against the Sheriff based merely on the "actions . . . of his employees," as Begaye alleges, is not cognizable under Section 1983. Harwick v. Anderson, 145 F.3d 1345 (Table, text in Westlaw), 1998 WL 2297521, at *2 (10th Cir. 1998) (plaintiff cannot maintain a cause of action against the sheriff individually based on respondeat superior liability); Baskin v. Parker, 602 F.2d 1205, 1208 (5th Cir. 1979) (a sheriff is not vicariously liable for the acts of his deputies).

Begaye's vague allegation that the Sheriff "agreed to imprison unlawfully arrested People without Warrant of Comittment or Mitimus in violation of the Due Process Clause of the 6th and 7th Amendments" does not suffice to state a claim against the Sheriff for violation of Begaye's constitutional rights. The same is true of the allegation that all Defendants, including the Sheriff, conspired to place "People" in unsanitary or subhuman conditions of confinement, as discussed above in connection with the claim against the Board of County Commissioners.

To the extent Begaye intends to sue the Sheriff in his official capacity, any claim against the Sheriff is in reality a suit against the county, Kentucky v. Graham, 473 U.S. 159 (1985); thus, if this is in fact an "official capacity" claim, Begaye must allege some policy, practice or custom on the part of the county which played a part in the violation of his constitutional rights. Hafer v. Melo, 502 U.S. 21, 25 (1991). But, as discussed above with respect to Begaye's allegations against the Board of County Commissioners, Begaye fails to identify any official municipal custom or policy by the county which resulted in a constitutional violation.

The claim against the Sheriff will also be dismissed without prejudice.

### Doe Defendants

Begaye asserts claims against 50 John or Jane Does, but fails to identify what it is that each

John or Jane Doe is alleged to have done; how their actions or inactions violated his rights; and how, if at all, they acted under color of state law.

The Complaint could conceivably be liberally construed to assert claims against John Doe defendants in connection with allegations that the Public Defender Department conspired with the District Attorney to "deny imprisoned People the Right to speedy Due Process" by refusing to meet with these unnamed "People," to provide court documents, to examine evidence, to depose witnesses, to conduct defense investigations or . .. provide a rigorous defense." If so, these claims must be dismissed, as public defenders do not act under color of law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding. Polk County v. Dodson, 454 U.S. 312 (1981); Fields v. Gibson, 277 F.3d 1203, 1213 n.6 (10th Cir. 2002).

If the Complaint is construed to allege claims against the Doe defendants by alleging that the Eleventh Judicial District Court denies "People" their constitutional rights by "conducting law and business for profit" and by illegal searches, seizures, arrests, incarcerations, trial, sentencing, and other bad acts, Begaye fails to allege that he was personally harmed by these actions. The same is true of allegations that the Farmington Police Department conducts illegal searches and seizures, that the Sheriff "imprison[s] unlawfully arrested People without Warrant of Comittment or Mitimus," or that the District Attorney deprives "People" of their rights in various ways.

If the Complaint is construed to allege claims against the Doe defendants in connection with claims of overcrowding and other conditions of confinement, those allegations are too vague to state a claim, for the reasons stated above in the discussion of liability of the Board of County Commissioners.

Therefore, the claims against the John or Jane Does will be dismissed without prejudice.

In sum, the Court determines that Begaye's lawsuit may be filed but dismisses the suit, either

with or without prejudice as indicated herein.

IT IS THEREFORE ORDERED that Begaye's claims against the Eleventh Judicial District Court, the San Juan County District Attorney, the State of New Mexico Public Defender Department, the Farmington Police Department, the San Juan County Detention Center, and the New Mexico Department of Corrections are DISMISSED WITH PREJUDICE;

IT IS FURTHER ORDERED that Begaye's claims against the San Juan County Board of Commissioners, the San Juan County Sheriff, and John and Jane Does 1-50 are DISMISSED WITHOUT PREJUDICE.

December 31, 2008

UNITED STATES DISTRICT JUDGE

11